```
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:13-cv-00089-MR-DLH
```

| | |
|---|---|
| ROBERT B. LAIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 12].

**I.     PROCEDURAL HISTORY**

The Plaintiff Robert B. Lail filed an application for supplemental security income on October 26, 2007. [Transcript ("T.") 132]. The Plaintiff's application was denied initially [T. 151-54] and on reconsideration [T. 161-68]. The Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which occurred on October 2, 2009. [T. 95-131]. On October 30, 2009, ALJ Case issued an unfavorable decision. [T. 134-46].

On April 23, 2010, the Appeals Council remanded the Plaintiff's case to an ALJ for the resolution of various issues. [T. 148-50]. On September 7, 2011, the Plaintiff had a second hearing, this time before ALJ Edwards. [T. 58-94]. On October 21, 2011, ALJ Edwards issued an unfavorable decision. [T. 11-22]. The Plaintiff appealed this unfavorable decision to the Appeals Council, but his request was denied on April 18, 2013. [T. 3-5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing]

2

more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits

the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## V. THE ALJ'S DECISION

On October 21, 2011, ALJ Edwards issued a decision denying the Plaintiff's claim. [T. 11-22]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since October 26, 2007. [T. 17]. The ALJ then found that the medical evidence established the following severe impairments: anxiety/alcohol dependence/depression/borderline intellectual functioning, and essential

4

tremors. [T. 17]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [Id.].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform "a wide range of work at all exertional levels but with the following nonexertional limitations: the claimant would be limited to routine/simple work activity, no intense ongoing interpersonal interaction with others, no exposure to hazardous conditions, and because of bilateral tremors (no fine dexterous work activity)." [T. 18]. The ALJ found that the Plaintiff was unable to perform any past relevant work. [T. 20]. The ALJ further found that the transferability of job skills was not material to the determination of disability according to the Medical-Vocational Rules framework because the Plaintiff's past relevant work was unskilled. [T. 21]. Finally, when considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform, [T. 21], and he ruled that the Plaintiff was not disabled [T. 22].

## VI.   DISCUSSION[1]

The Plaintiff asserts the following assignments of error: (1) that ALJ Edwards did not adequately evaluate the examining physician opinions in accordance with the regulations and the remand order of the Appeals Council; (2) that ALJ Edwards failed to evaluate the Plaintiff's prior disability benefits approval by the Agency from September 2000 pursuant to <u>Albright v. Commissioner of Social Sec. Admin.</u>, 174 F.3d 473 (4th Cir. 1999); and (3) that ALJ Edwards ignored the favorable disability determination of the State of North Carolina awarding the Plaintiff Medicaid benefits, thus violating Social Security Ruling 06-03p.  [Doc. 11 at 1].  The Court will address each of the Plaintiff's arguments in turn.

### A. The ALJ's Evaluation of the Plaintiff's Medical Evidence

The Plaintiff first argues that the ALJ did not adequately evaluate the examining physician opinions in accordance with the regulations and the remand order of the Appeals Council.  [Doc. 11 at 4].  The Plaintiff specifically argues that the ALJ did not comply with the order of the Appeals Council by failing to consider the Plaintiff's low stress tolerance

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

limitations when determining his residual functional capacity, particularly with regard to the opinions of Dr. Fiore and Dr. Carraway. [Id.].

An ALJ must evaluate every medical opinion received in the record, regardless of its source. 20 C.F.R. § 404.1527(c). A "medical opinion" is a "judgment [ ] about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). In evaluating the weight of a medical source, the ALJ must consider certain factors including: the examining relationship, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the medical source, the consistency of the medical source, the specialization of the provider, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1–6). An ALJ's "failure to discuss every specific piece of evidence 'does not establish that [the ALJ] failed to consider it.'" Mitchell v. Astrue, No. 2:11-cv-00056-MR, 2013 WL 678068, at *7 (W.D.N.C. Feb. 25, 2013) (quoting Elias v. Astrue, No. 3:07-cv-43, 2008 WL 191662, at *21 (N.D. W.Va. Jan. 22, 2008)).

The Appeals Council instructed the following issue to be resolved regarding the evaluation of the Plaintiff's medical opinions:

> The decision does not adequately evaluate the opinions. A psychological consultant from the State Agency provided an opinion in January 2008 that the claimant requires a non-production oriented job without extensive contact with the general public (Exhibit 10F/5-8). A psychological consultant from the State Agency provided an opinion in June 2008 that the claimant needs limited interpersonal demands with little public contact and needs a low stress, low production environment (Exhibit 10F/1-4). Dr. Fiore provided an opinion in August 2006 that the claimant may experience problems relating to fellow workers and supervisors and tolerance for stress and pressure associated with work routine will interfere with his work performance (Exhibit 3F/4-5). Dr. Caraway [*sic*] provided an opinion in December 2007 that the claimant's stress tolerance appears moderately poor (Exhibit 5F/5). The hospital records from February 2008 states that the claimant's Global Assessment Functioning was either 20 (Exhibit 6F/6) or 29 (Exhibit 6F/2) on admission and 50 on discharge (Exhibit 6F/2). Delores Hick, P-LCSW, provided an opinion in May 2009 that the claimant's GAF was 31-50 (Exhibit 12F/13).

[T. 148]. The instruction from the Appeals Council further ordered that, upon remand, "the Administrative Law Judge will:

> …[g]ive further consideration to the severity of the claimant's combined impairments including his borderline intellectual functioning.
>
> Give further consideration to the claimant's maximum residual functional capacity during the

8

> entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and nontreating source opinions pursuant to the provisions of 20 CFR 416.927 and Social Security Rulings 96-2p and 96-5p and nonexamining source opinions in accordance with the provisions of 20 CFR 416.927(f) and Social Security Ruling 96-6p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments (20 CFR 416.912). . . ."

[T. 149].

As noted previously, this Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court will not substitute its own judgment for that of the Commissioner where substantial evidence exists in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d at 841. Further, it is not the task of this Court to "review internal, agency-level proceedings . . . [such as] whether the ALJ complied with

9

specific provisions of the Appeals Council's remand order." Bass v. Astrue, No. 1:06-cv-591, 2008 WL 3413299, at *4 (M.D.N.C. Aug. 8, 2008).

As in Bass, this Court notes that the Appeals Council "implicitly found that the ALJ complied with its remand order" "by determining that there was no basis for review" of the ALJ's October 21, 2011 decision in this case. Bass, 2008 WL 3413299, at *4 n.2; [T. 3]. Thus, this Court will not analyze whether or not the ALJ complied with the remand order of the Appeals Council. Rather, this Court will assess whether or not the ALJ's decision was supported by substantial evidence in the Plaintiff's record.

Here, the ALJ did not specifically note the findings of Dr. Fiore or Dr. Carraway in his decision. [T. 14-22]. He did, however, state that "[a]s for the opinion evidence, the undersigned gives weight to all the examining sources (treating/consultative examiner's), but less weight to the non-examining source assessments." [T. 22]. The ALJ discussed particular findings of Donald E. Schmechel, M.D., Frye Regional Medical Center, G. Andrew Metzger, M.D., and Dimitrios Varelas, M.D. with regard to the Plaintiff's physical and mental impairments. [T. 19-20]. He discussed improvements in the Plaintiff's tremor, his global assessment on function, his anger/manic episodes, and his depressive symptoms. [Id.]. Thus, any potential error committed by the ALJ by not explaining the basis for his

findings regarding Dr. Fiore's and Dr. Carraway's findings was harmless, due to substantial evidence within the Plaintiff's record to support the ALJ's decision.

Thus, the Plaintiff's first assignment of error in this case is without merit.

### B. The ALJ's Evaluation of the Plaintiff's Prior Approval for Benefits

Next, the Plaintiff argues that the ALJ failed to evaluate the Plaintiff's prior disability benefits award from September 2000, in accord with <u>Albright v. Commissioner of Social Sec. Admin.</u>, 174 F.3d 473, 477 (4th Cir. 1999).

Acquiescence Ruling 00-1(4) (S.S.A.), 2000 WL 43774 explains how the Fourth Circuit treats the effect of prior disability findings from an adjudication on a subsequent disability claim, in light of <u>Albright</u> and the preceding case of <u>Lively v. Secretary of HHS</u>, 820 F.2d 1391 (4th Cir. 1987). AR 00-1(4) notes the following:

> It applies only to a finding of a claimant's residual functional capacity or other finding required at a step in the sequential evaluation process for determining disability . . . which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim.
>
> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining

11

whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances.  In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases.  An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in <u>Lively</u>.  An adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in <u>Albright</u>.  In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.

AR 00-1(4) (S.S.A.), 2000 WL 43774, at *4. Notably, the adjudicator of the subsequent claim must *consider* a prior finding if it was made in a final decision by an ALJ or the Appeals Council, and must give it *appropriate weight in light of all relevant facts and circumstances*. Id. (emphasis added).

Here, the determination of disability for the Plaintiff in 2000 was made at the initial stage. [T. 232]. Thus, such determination did not have to be considered by the ALJ. AR 00-1(4) (S.S.A.), 2000 WL 43774, at *4. Further, the prior determination of the Plaintiff's disability was made in 2000, over ten years before the ALJ's determination. [T. 232-33, 11-22]. Additionally, the Plaintiff applied in 2006 but his claim was denied due to a finding that he had capacity to perform substantial gainful activity. [T. 232]. Thus, this case is distinguishable from both the Lively and Albright cases in terms of both procedural status and the time interval between disability applications.

Thus, the Plaintiff's second assignment of error in this case is without merit.

**C. The ALJ's Evaluation of the Plaintiff's Approval for Medicaid Benefits**

Finally, the Plaintiff argues that the ALJ ignored the favorable disability determination awarding Medicaid benefits to the Plaintiff, in violation of Social Security Ruling 06-03p ("S.S.R. 06-03p"). According to S.S.R. 06-03p, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered," but

> [a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. . . These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s). . . We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 C.F.R. 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence." [W]e are not bound by disability decisions by other governmental and nongovernmental agencies.

S.S.R. 06-03p, 2006 WL 2329939, at *6 (2006); 20 C.F.R. § 404.1512(b)(5); see McDowell v. Astrue, No. 3:11-cv-652, 2012 WL 4499283, at *2 (W.D.N.C. Sept. 28, 2012).

14

Here, the Plaintiff's record contained a letter from the Department of Social Services from the County of Caldwell noting that he had been approved for Medicaid for the disabled. [T. 314]. The ALJ indicated in his decision that he had evaluated all of the Plaintiff's evidence according to the requirements of 20 C.F.R. § 416.929, 20 C.F.R. § 416.927, S.S.R. 96-4p, S.S.R. 96-7p, S.S.R. 96-2p, S.S.R. 96-5p, S.S.R. 96-6p, and S.S.R. 06-3p. [T. 19]. No other evidence of record in this case would have been considered under S.S.R. 06-03p. Thus, as in Bradshaw v. Astrue, No. 3:08-cv-033, 2011 WL 4344538 (W.D.N.C. Sept. 15, 2011), "the Court must conclude that the ALJ's reference to that Ruling indicates that he considered the state Medicaid decision." Id., 2011 WL 4344538, at *7. The record did not contain any indication of what medical evidence the state's favorable Medicaid decision was based upon. Thus, the Plaintiff's favorable Medicaid decision did not provide substantial evidence of the Plaintiff's alleged disability. As noted previously, the ALJ's decision in this case was supported by substantial evidence. This Court will not substitute its own judgment for that of the Commissioner where substantial evidence exists in the record to support the final decision below. See Hays, 907 F.2d at 1456; see also Lester v. Schweiker, 683 F.2d at 841.

Thus, the Plaintiff's third assignment of error in this case is without merit.

**O R D E R**

Accordingly, **IT IS ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 10] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 12] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 25, 2014

Martin Reidinger
United States District Judge